UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SHARAD DALAL,**<br><br>　　　　　　　　　　**Plaintiff,**<br><br>v.<br><br>**COSTCO WHOLESALE, and CITIBANK,**<br><br>　　　　　　　　　　**Defendants.** | Civ. No. 22-05593 (KM) (MAH)<br><br>**OPINION** |

**KEVIN MCNULTY, U.S.D.J.:**

　　　　This action arises out of a Costco Wholesale ("Costco") credit card account issued to *pro se* plaintiff Sharad Dalal and serviced by defendant Citibank, N.A. ("Citibank").[1] Dalal filed the original action in state court, and Citibank removed to federal court on the ground that federal claims were asserted in the complaint. (DE 1.)[2] Citibank now moves to compel arbitration, while Dalal opposes and moves to remand. (DE 4, 5.) For the reasons set forth

---

[1] Citibank states that it was erroneously named "Costco Wholesale and Citibank" in the complaint. It might be inferred that the plaintiff intended to sue Costco Wholesale as a separate defendant. Costco Wholesale has not appeared in the action, however, and it does not appear from the docket that Costco was ever served. I do not discuss any claims that the plaintiff might assert against Costco or American Express (which is also mentioned in the plaintiff's allegations), confining the discussion to Citibank, the only defendant which has been served or has appeared.

[2] Certain citations to the record will be abbreviated as follows:

　　DE = Docket entry number
　　Compl. = Complaint (DE 1-2)
　　Not. = Notice of removal (DE 1)
　　MCA = Citibank's brief in support of its motion to compel arbitration (DE 4-1)
　　Opp. = Dalal's motion to remand and in opposition to motion to compel arbitration (DE 5)
　　Repl. = Citibank's brief in further support of its motion to compel arbitration (DE 6)

1

below, I will **GRANT** Citibank's motion to compel arbitration and **DENY** Dalal's motion to remand.

An initial word. The plaintiff's *pro se* submissions are procedurally irregular and less than clear, but I can glean the following about his underlying grievance. Through Costco, he obtained an American Express card, with which he was satisfied. Costco, however, terminated its relationship with American Express and issued credit cards through Citibank, instead. The plaintiff received, and apparently used, such a replacement Citibank card. He has sued Citibank because (a) he never made a written application for a Citibank card, and (b) in any event, he considers the terms of the Citibank card to be less favorable than those of the former American Express card. Much of what is presented as a factual dispute actually appears to be a legal dispute over what constitutes a credit card "agreement."

## I.   Background

Dalal commenced this action on July 27, 2022, by filing a *pro se* complaint in the Superior Court of New Jersey, Middlesex County, under Case No. MID-DC-006650-22. (Compl.) The complaint seeks damages of approximately $9,000. Although there are few allegations and the details are slim, it is clear that the claims relate to Dalal's Costco credit card account, formerly with American Express but now with Citibank. Dalal asserts that the Citibank card is "lower grade" in comparison with the American Express card, that Citibank has not provided information about its benefits to cardholders, and that the Citibank card does not have a travel related benefit. (Compl.) The only cause of action stated in the complaint is a violation of the "U.S. Equal Opportunity Act of 1974," which the Court takes to mean the Equal Credit Opportunity Act of 1974, 15 U.S.C. §§ 1691, *et seq.* ("ECOA").

 Citibank was served with a copy of the summons and complaint on August 18, 2022. (Not.) On September 16, 2022, Citibank removed the matter to federal court. (*Id.*) Citibank then moved to compel arbitration, pursuant to the Federal Arbitration Act ("FAA"), on October 7, 2022. Citibank asserts that

Dalal's claims fall within the scope of an arbitration provision in the credit card agreement between Citibank and Dalal. (MCA 12.)

On November 14, 2022, Dalal filed an opposition to the motion to compel arbitration and motion to remand the matter to state court. (Opp.) Citibank opposed the motion to remand on the ground that it is untimely. (Repl.) Dalal also has filed miscellaneous letters, including a purported motion for summary judgment. (DE 7, 8.)[3]

## II. Discussion

### A. Motion to compel arbitration

"'The FAA establishes a strong federal policy in favor of compelling arbitration over litigation.'" *MZM Constr. Co., Inc. v. New Jersey Bldg. Laborers Statewide Benefit Funds*, 974 F.3d 386, 396 (3d Cir. 2020) (quoting *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000)). "This policy, as contained within the Act, 'requires courts to enforce the bargain of the parties to arbitrate.'" *KPMG LLP v. Cocchi*, 565 U.S. 18, 21 (2011) (quoting *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 217 (1985)). The critical questions on a motion to compel arbitration, then, are whether there is a valid agreement to arbitrate, and if so, whether the dispute at hand falls within the scope of that agreement. *Zirpoli v. Midland Funding, LLC*, 48 F.4th 136, 142 (3d Cir. 2022) (quoting *Flintkote Co. v. Aviva PLC*, 769 F.3d 215, 220 (3d Cir. 2014)).

*Guidotti v. Legal Helpers Debt Resolution*, 716 F.3d 764 (3d Cir. 2013), dictates that a motion to compel arbitration be considered under a motion to dismiss standard, but if it cannot be resolved on that basis, under a summary judgment standard, with discovery as required. *Id.* at 773-74. Thus, where the complaint and supporting documents are unclear as to an agreement to arbitrate or where a plaintiff responds to a motion to compel with additional

---

[3] Among other things, Dalal asserted in those letters that he had a claim against Citibank and American Express under the Gramm-Leach-Bliley Act of 1999, 15 U.S.C. § 6801 *et seq*. As mentioned, American Express is not a party to the case. The additional claim asserted against Citibank is also procedurally improper, as Dalal has not filed a motion to amend his complaint. At any rate, for the reasons stated herein, such claims against Citibank must be submitted to arbitration.

facts sufficient to place the issue of arbitrability "in issue," then the parties may be entitled to discovery, followed by a renewed motion under a summary judgment standard. *Id.* at 776.

Indeed, the plaintiff has made a forceful demand for discovery: in particular, he challenges Citibank to produce his signed application for a Citibank credit card or signed, separate credit card agreement. (DE 7, 8.) Citibank has in effect admitted that no such document exists, at least not in the form requested. Apparently believing this fact to be dispositive, the plaintiff has also moved for summary judgment. (DE 8.)

Citibank has attached as an exhibit to its motion a copy of a credit card agreement ("the Agreement"), which Citibank states was mailed to Dalal. (DE 4-2 at 11, cited as "Agr.") It has also attached a billing statement that reflects transactions Dalal carried out using the card after receipt of the Agreement. (DE 4-2 at 23, cited as "St.") The authenticity of these documents is supported by the affidavit of Citibank employee Kelly Booth. (DE 4-2, cited as "Aff.") Citibank argues that Dalal's use of the card after receiving the Agreement is sufficient to establish Dalal's assent to the agreement's terms, including its arbitration clause. (MCA 11.)

In response to Citibank's motion, Dalal has not disputed that he used the Citibank card, or that he originally applied for a Costco credit card at the time that American Express was the issuer and servicer used by Costco. Rather, Dalal states that he never applied for a *Citibank* card and did not sign any agreement with Citibank. (DE 7 ¶¶4-5.) Citibank, for its part, does not disagree with these assertions. It does not take the position that such a signed application or agreement exists. Rather, it takes the position that a binding agreement, which included the arbitration clause, was created by Dalal's acceptance and use of the Citibank card.

In short, there do not appear to be any disputed material issues of fact. Given the lack of disputed factual issues, further discovery is unnecessary. Citibank has offered its proofs as to an agreement to arbitrate, and Dalal has responded that the proofs are insufficient as a matter of law. I will therefore

4

apply a summary judgment standard to Citibank's motion and consider whether the record establishes that Dalal agreed to arbitrate the claims at issue.

To determine whether there exists an agreement to arbitrate, I apply state law principles of contract formation. *Aliments Krispy Kernels, Inc. v. Nichols Farms*, 851 F.3d 283, 289 (3d Cir. 2017). Either New Jersey or South Dakota law is potentially applicable.[4] Fortunately, there appears to be no relevant conflict. In both states, a cardholder's decision to use a credit card he or she has been issued constitutes assent to the terms of the offer extended by the card's issuer, such that a binding contract is formed. *MBNA Am. Bank, N.A. v. Bibb*, No. A-4087-07T2, 2009 WL 1750220, at *3 (N.J. Super. Ct. App. Div. June 23, 2009); S.D. Codified Laws § 54-11-9.

According to the Booth affidavit, Citibank records reflect that Dalal was mailed a copy of the Agreement on April 5, 2016, along with a cover letter (DE 4-2 at 7, cited as "Letter"). (Aff. ¶7.) The cover letter explained to customers that their American Express-issued Costco card had been transferred to Citibank. (Letter at 1.) A new Costco card, it said, would be mailed to them within 6-8 weeks and would be available for use starting on June 20, 2016. (*Id.*) In the "Frequently Asked Questions" section of the cover letter, it explained that customers do not need to apply for their new card; rather, it would simply replace their current card upon receipt and activation by the customer. (*Id.* at 2.)

The enclosed Agreement sets forth the terms of the cardholder/card issuer relationship. It includes the arbitration clause at issue here (quoted below). (Agr. § 11)

---

4   Citibank is a national bank located in South Dakota, while Dalal is a citizen of New Jersey. (MCA 8.) Citibank argues that South Dakota law applies, as the Agreement contains a provision stating that it is governed by federal and South Dakota law. (Agr. § 13.) But that choice-of-law provision is applicable only if Dalal agreed to it, *i.e.* if the Agreement constitutes a valid contract between Dalal and Citibank. If Dalal is not bound by the Agreement, then its provisions, including its choice-of-law provision, do not bind him.

The Citibank billing statement indicates that Dalal charged expenses to the Citibank Costco card. (DE 4-2 at 23, cited as "St.") The statement reflects some seventeen purchases made with the card between June 27 and July 24, 2016. (*Id.*) Those purchases, in the names of Sharad and Gita S. Dalal, totaled $361.87. (The billing statement also reflects that Dalal paid the previous month's balance of $431.33 on July 20, 2016.) (*Id.*)

Under both New Jersey and South Dakota law, Dalal's use of the card after receiving the Agreement that was mailed to him constitutes acceptance of the Agreement's terms, including its arbitration clause. The fact that Dalal did not affirmatively apply for the card or sign a separate agreement is irrelevant.

Moreover, as Citibank points out, the Agreement explained to customers that they had the right to reject the Agreement's arbitration provision and that doing so would not affect their use of the credit card account. (Agr. § 11.) Customers who wished to reject the provision were instructed to send a written rejection notice to Citibank by August 3, 2016. Per the Booth Affidavit, Citibank records indicate that Dalal never opted to reject the arbitration provision. (Aff. ¶10.) Dalal does not state otherwise.

This evidence demonstrates that there is no issue of fact as to whether Dalal is bound by the arbitration clause in the Agreement. I therefore turn to the question of whether Dalal's claims fall within the scope of that clause, requiring that they be arbitrated.

The arbitration clause provides, in relevant part, as follows:

> **You or we may arbitrate** any claim, dispute, or controversy between you and us arising out of or related to your Account, a previous related account or our relationship (called 'Claims'). **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim**.

(Agr. § 11. Emphasis in original.) In a subsection entitled "Arbitration limits," the Agreement explains that the arbitration clause does not apply to individual

6

claims filed in small claims court.[5] Nor does it apply to claims brought as part of a class action, private attorney general, or other representative action. It also states that Citibank will not initiate arbitration to collect a debt from a cardholder unless the cardholder chooses to arbitrate or assert a claim against Citibank. (*Id.*)

The FAA mandates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S. Ct. 927, 941, 74 L. Ed. 2d 765 (1983). Here, there are no doubts, as the arbitration clause is broad and its limits do not apply to Dalal's claims. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 398 (1967) (referring to a clause requiring arbitration of claims "arising out of or relating to" an agreement as "a broad arbitration clause"). Dalal's claims are premised on Citibank's alleged conduct with respect to his Costco card account after the switch from American Express to Citibank. These claims certainly "arise[] out of or relate[]" to Dalal's Citibank credit card account and to his "relationship" with Citibank. Thus, the claims fall within the scope of the arbitration provision, and Dalal is required to arbitrate them. I will therefore grant the motion to compel arbitration.

## B. Motion to remand

In addition to opposing the motion to compel arbitration, Dalal has moved to remand the action to state court. (Opp.) Lack of subject matter jurisdiction of course deprives a federal court of the power to act at all, at any time. On the other hand, "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C.

---

[5]     Dalal's statements that he initially filed this $9,000 claim in Middlesex County Small Claims court are inaccurate. He filed the case in the Special Civil Part of the Superior Court, which is designated for lawsuits for amounts up to $20,000. Small Claims court is limited to claims of up to $5,000. *See* Compl.*; see also Notice to Bar*, https://www.njcourts.gov/sites/default/files/notices/2022/05/n220511d.pdf (July 1, 2022 increase to jurisdictional amounts).

7

§ 1447(c). Dalal does not state the basis of the requested remand, but regardless of its basis, it is denied.

Lack of subject matter jurisdiction is not grounds for remand here. Dalal's ECOA claims arise under federal law, and thus the Court has subject matter jurisdiction over them. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") Of course, the plaintiff is master of his complaint, and may choose to assert only state law claims in state court, but that is not what occurred here. Because this Court has subject matter jurisdiction over federal-law claims, remand for jurisdictional reasons is not appropriate.

If the basis of the motion were anything other than lack of subject matter jurisdiction, I would nevertheless deny the motion as untimely. Citibank removed the action on September 16, 2022, and Dalal did not move to remand until November 14, 2022 -- 59 days later, well outside the 30-day deadline of 28 U.S.C. § 1447(c).

Accordingly, the motion to remand is denied.

### III. Conclusion

For the reasons set forth above, Citibank's motion to compel arbitration is **GRANTED** and Dalal's motion to remand is **DENIED**. The action is administratively terminated and stayed pending the outcome of arbitration. An appropriate order will issue.

Dated: March 27, 2023

/s/ Kevin McNulty

_____

**KEVIN MCNULTY**
**United States District Judge**